Ramessu---Ali: Bey® 2015, a man
C/o Derrick Hawthorne, Consumer
c/o 4136 W. Jackson Blvd.
at Chicago, Illinois republic [60624]

**RECEIVED**
JUL 21 2016
7-21-16 JTR
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN ILLINOIS DISTRICT, EASTERN DIVISION

| | |
|---|---|
| Hawthorne, Derrick, a man | ) CASE NO: |
| *Plaintiff,* | ) ) Judge ) Magistrate |
| vs. | ) ) NOTICE OF MOTION TO DISMISS ) |
| INVERSE ASSET FUND LLC, | ) ) ) |
| *Defendant* | ) ) |

1:16-cv-07440
Judge John J. Tharp, Jr
Magistrate Judge Sheila M. Finnegan

REMOVAL

## NOTICE OF MOTION TO DIMISS

Now comes Hawthorne, Derrick a man (natural source) for the legal natural person Derrick Hawthorne, a "consumer" as defined within the meaning of the Fair Debt Collection Practices Act ("FDCPA", "Act") Section 803(3), 15 USC 1692a (3), "Plaintiff" for purposes of this action, intervening and moving this court for dismissal of all Defendants' complaints filed taking legal action or any other related action filed in the State of Illinois Circuit Court of Cook County, Municipal District and or identified as 16 M1710912---914 outside the Article III judicial district; acting to collect without competent authorization; and, using prohibited conduct in connection with a collection or attempt.

This consumer Plaintiff makes application for short leave granted and brings his claim pursuant Federal Question jurisdiction [28 U.S. Code § 1331] under [Title 15 U.S. Code 1601 et

seq. note] the Fair Debt Collections Practices Act ("FDCPA") as amended by Pub. L. 111---203, title X, 124 Stat. 2092 (2010), 15 U.S.C. §§ 1692---1692p, enacted by Congress to eliminate debt collection abuse by debt collectors; to protect personal, family, or household purposes without discrimination or upfront fees supported by attached affidavit incorporated by reference; and, does declare this Defendant fails to state a claim upon which its debt can be legally enforced [FRCP 12b (6)] as follows:

### Congressional Intent Against Consumer Harm by Debt Collectors

1. Inverse Asset Fund LLC ("Defendant", "Debt Collector") are operating in the capacity of a debt collector as the term is defined within the meaning of the FDCPA, 15 U.S.C. 1692a (6) attempting to collect a debt as defined within the meaning of Section 803(5), 15 USC 1692a (5). Defendants took action and filed its action to collect this Plaintiff consumers place of abode using the communications (Section 803(2), 15 USC 1692a (2) attached and incorporated as Exhibit A.

2. This Plaintiff is a consumer as the term is defined within the meaning of Section 803, 15 USC 1692a (3). This Plaintiff consumer invokes his proper protections against this Defendant who he does not know nor recognize, and seeks to avoid further substantial harm to his personal, family, or household purposes.

3. Plaintiff asserts that the Defendant failed to obtain prior express consent or any authorized consent at all to communicate about its alleged debt; failed to substantiate representations a debt is owed; and, continues to engage in practices determined as unfair, deceptive or misleading. Plaintiff specifically denies that any alleged debt, account, account stated, item, or otherwise is owed to this defendant.

4. Congress intends that consumers are protected and that debt collectors are prevented from engaging in tactics and practices that violate due process rights, invade personal protected interests, and or that give non---compliant debt collectors unfair advantage over competitors acting within strict compliance of the Act, FDCPA, 15 U.S.C. 1692 et al.

5. Congress enacted the FDCPA based on "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. 1692(a). Congress concluded that "[e]xisting laws and procedures * * * are inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. 1692(b) and (c). The Act subjects' debt collectors to various procedural and substantive requirements that are designed to "eliminate abusive debt collection practices by debt collectors" while "insur[ing] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. 1692(e).

### Venue and Other Prohibitive Protections Invalidate Any Collection Attempt

6. Section 811, 15 USC 1692i provides mandatory prohibitive compliance governing legal actions taken by debt collectors against consumers, and any failure to comply is fatal to any action taken by any debt collector in connection with the alleged debt. Non---compliant behavior serves to sidestep prohibitions on abusive collection conduct affecting the secured privacy, personal protections, and prevention of any unnecessary harm guaranteed to Derrick Hawthorne.

7. The attempt or continued collection of any alleged debt in the State of Illinois, Circuit Court of Cook County, or by use of any other improper communication(s) as the term is

defined within the meaning of Section 803, 15 USC 1692a (2) outside any provision of the FDCPA by this debt collector is invalid and Void. This includes, but is not limited to: taking action to displace consumer goods (home) using unconscionable means that misrepresent judicial authority, when that is not true. (See, preventions enumerated in at Section 804(2), 15 USC 1692b (2) and Section 811, 15 USC 1692i).

8. This Defendant furnished deceptive written communication(s) which simulates or is falsely represented to be documents authorized, issued, or approved by any court to force beyond the mandated condition precedent of obtaining the consumer's prior express direct consent or authorized written permission. It is undeniably illegal to use personal or non public identifying information for commercial profit or gain to displace private consumer goods (home) without having authorized permission or consent. Section 805(a), 15 USC 1692c (a), 16 CFR 603.2

9. This fatal limitation on collection conduct warrants the complete dismissal of any collection action taken by this Defendant until full compliance with the consent provisions have been met. At no time was prior express direct consent to communicate about a debt obtained from this consumer, nor was any written permission from a court of competent jurisdiction attached to any document furnished.

10. It is specifically denied that this debt collector ever had authority or authorized consent to attempt to collect or communicate with anyone about its alleged debt. (See, protections and preventions against unauthorized consent and third party abuse enumerated at Section 804(2), 15 USC 1692b (2) and Section 805(a), 15 USC 1692c (a).) No authority to collect any alleged debt by this debt collector is presumed to exist, and this debt collector

cannot proceed to collect or attempt to collect its debt without strict compliance within the act.

11. At no time may it be presumed this debt collector obtained or has this Plaintiff consumer's consent to communicate about its alleged debt when Cease and Desist injunctive protections were and are invoked against any such communication(s). Except, communications with the consumer as provided within the provisions of Section 805, 15 USC 1692c (c)(1)(2)(3).

12. Section 805, 15 USC 1692c (c) Cease and Desist injunctive protections are applicable to any communications, written or otherwise, by any debt collector, including, but not limited to: any furnisher, complier, or designer of any form, as the term is defined within Section 812, 15 USC 1692(a)(b) must comply within the limitations of the FDCPA.

### Misrepresentations of Attorney Involvement Is a Fatal Deceptive Trade Practice
### Warranting Dismissal of Collection Action

13. Plaintiff "consumer" has unalienable fundamental rights and is specially protected, not limited, in his exercise of any right to protect and prevent against being abused, treated unfairly, or misled by the conduct or practices of debt collectors, as the term is defined within the meaning of the FDCPA, 15 U.S.C. 1692a (6), including, but not limited to: not consenting to be subject to abusive conduct of this defendant debt collector's attorneys engaged in commerce for profit or gain (See, Fair Debt Collection Practices Act, (FDCPA) 15

U.S.C. §§ 1692 et al.)

14. The Defendants past use of legal society members' services, without any thing more to represent a debt was owed by this consumer, misrepresents attorney involvement. Such practice is unfair, misleading, or abusive when the attorney collecting the alleged debt is actually *only* a debt collector. Using such deceptive practice against this consumer is prohibited

as it implies validity of legal action taken and may serve to mislead or confuse consumers who do not comprehend the foreign language (legalese) or unfair tactics used by legal society members.

15. Unfair tactics employed by this Defendant's use of legal society members misrepresenting attorney involvement includes, but is not limited to: its filing of its debt collection lawsuit without validation or obtaining verification of its alleged debt in a defective venue intending to create a belief in a consumer that the "legal action taken" is authorized or valid in representing a clients legally secured interest, when this is inaccurate, deceptive and caused substantial harm to this consumer.

16. Consumers have enhanced protections against Harassment or Abuse at Section 806, 15 USC 1692d, False and Misleading Misrepresentations Section 807, 15 USC 1692e, and Unfair Acts and Practices Section 808, 15 USC 1692f.

17. A court of competent judicial district jurisdiction has no discretion to deny that any legal action taken by any debt collector employing such practices act outside the strict protections and prohibitions enacted by congress to eliminate debt collection abuse, or otherwise, and cannot be legally enforced against this consumer.

### Advisory Support of the Bureau

Section 813, 15 USC 1692k(d)

18. The Consumer Financial Protection Bureau and the Federal Trade Commission, agencies of the United States, filed an amicus curia brief in Bock v. Pressler and Pressler.[1] The

---

[1] http://files.consumerfinance.gov/f/201508_cfpb_bock---v---pressler---and---pressler---amicus--- brief.pdf.

Bureau and the Commission have a substantial interest in protecting the consumers affected by these suits. Congress established the Bureau "to protect consumers from abusive financial services practices," see Pub. L. No. 111---203, 124 Stat. 1376, 1376 (2010), and the Commission has long been responsible for protecting consumers from unfair and deceptive trade practices. Congress vested the Bureau with authority to enforce the FDCPA and to prescribe rules implementing the Act. 15 U.S.C. §§ 1692l(b), (d).

19. This particular case concerned the application of the Fair Debt Collection Practices Act (FDCPA or the Act) to debt---collection law firms that file collection lawsuits without any meaningful attorney review. The brief held that "The FDCPA broadly bars debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This prohibition applies to attorney debt collectors attempting to collect debts through litigation. As the Supreme Court held twenty years ago, the FDCPA "applies to the litigating activities of lawyers." Heintz, 514 U.S. at 294."

20. The brief reads in part: "This Court accordingly held in Kaymark v. Bank of America, N.A., that misrepresentations that debt collection attorneys make in pleadings "constitute [] actionable misrepresentation under the [FDCPA]," just like any other misrepresentation in connection with a debt. 783 F.3d at 171---72 (upholding § 1692e claim based on misrepresentation in foreclosure complaint). Kaymark—which Pressler does not cite, much less attempt to distinguish—forecloses Pressler's contention that attorney debt collectors' "litigation activities" are exempt from the FDCPA. (See Pressler Br. 11---18.) "

21. According to the CFPB Amicus brief "Heintz leaves no room to doubt that the FDCPA regulates attorney debt collectors' litigation activities: The Court in Heintz explained that

"[i]n ordinary English, ... tr[ying] to obtain payment of consumer debts through legal proceedings" qualifies as "'attempt[ing]' to 'collect' those consumer debts," Heintz, 514 U.S. at 294 (citing Black's Law Dictionary 263 (6th ed. 1990)); noted that the Act contained no "litigation--- related [] exemption," id. at 294---95; refused to "read the statute as containing an implied exemption for those debt---collecting activities of lawyers that consist of litigating," id. at 295; and rejected an argument that the Act did not regulate "the practice of law" or "tasks of a legal nature," id. ".

22. The Brief instructed the United States District Court that "attorneys filing a debt---collection lawsuit without meaningful attorney review unlawfully misrepresents the attorney's involvement in the case" and affirms "When an attorney debt collector files a debt---collection lawsuit without meaningfully reviewing it first, he engages in a deceptive debt-- collection practice in violation of the FDCPA". "A consumer will be "inclined to more quickly react to an attorney's threat than to one coming from a debt collection agency," given "the special connotation of the word 'attorney' [...]" Thus, "if a debt collector ... wants to take advantage of [that] special connotation," it must "at least ensure that an attorney has become professionally involved []" Id. "These principles apply with full force when an attorney signs a debt---collection complaint. As with a debt---collection letter, the attorney's signature on the complaint conveys that the attorney has been meaningfully involved [] and has reached a professional judgment that filing suit is appropriate. Cf., e.g., Nielsen, 307 F.3d at 635 ("genuine involvement"); Avila, 84 F.3d at 229 ("considered, professional judgment"). And given the close association between attorneys and formal legal documents, the least sophisticated consumer will naturally understand that an "attorney, acting as an attorney, is involved in collecting [the] debt," Lesher,

650 F.3d at 1003 (emphasis added), and has exercised his professional judgment in deciding to file suit".

23. Using a debt collector misrepresenting attorney involvement without obtaining authorized consent, validation, or obtaining verification implies attorney approval that forces beyond the necessity of genuine material facts or intends to create the false belief in a consumer that a debt is owed to its clients. This unfair, deceptive, or misleading collection tactic is prohibited.

24. The brief clarifies that "Misrepresentations about an attorney's involvement also "falsely lead [] the consumer to believe that a lawyer has reviewed the [] account and assessed the validity of the creditor's position." Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs., P.C., — F. Supp. 3d —, 2015 WL 4272275, *17 (N.D. Ga. 2015). This false impression can make a big difference in how consumers respond. The FDCPA does not permit an attorney to "get the debtor's knees knocking," Avila, 84 F.3d at 229, with a rubber--- stamped complaint any more than with a rubber---stamped debt---collection letter".

25. Further, the brief explains "Reaching a professional judgment requires at least some inquiry into whether the consumer actually owes the debt, and thus whether there is a reasonable basis to allege as much in a complaint. See, e.g., Nielsen, 307 F.3d at 638 (finding FDCPA violation where attorney represented meaningful involvement even though he "made no independent, professional assessment of the delinquency and validity of any debt"); accord Boyd, 275 F.3d at 648 (requiring attorney who represents meaningful involvement to make "professional judgment concerning the existence of a valid debt"); Miller, 321 F.3d at 304 (similar); cf. also ABA Informal Op. 1368 (1976) ("[I]t is not enough that the lawyer rely upon

the client's certification of the 'validity' of the account. The lawyer must take responsibility for the reasonable accuracy of each letter."). What that inquiry entails may vary based on the circumstances, but in general "merely being told by a client that a debt is overdue is not enough." Miller, 321 F.3d at 304".

26. The brief goes on to relate debts received by and through any third party furnisher, designer, or complier as the terms are defined within the meaning of Section 812, 15 USC 1692j, and may not be presumed accurate by anyone, even by attorney debt collectors assisting in any collection as "Such transfers of consumer debt information can entail high risk of error. As a recent Government Accountability Office report found, when a debt is transferred, "there are numerous areas in which account integrity could be compromised," as "important account information ... may not always be transferred" with the debt. GAO Report.

27. The brief goes on to affirm "the rules are the same for everyone: No debt collector, attorney or not, may make misrepresentations when collecting debts—and lay collectors cannot falsely claim that an attorney has reached a professional judgment any more than an attorney can. In any event, this Court has observed that "attorney debt collectors warrant closer scrutiny" given that they may exercise "certain privileges—such as the ability to file a lawsuit—not applicable to lay debt collectors." Campuzano--- Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 301 (3d Cir. 2008).

## Conclusion

28. Misrepresentations including, but not limited to misrepresenting attorney involvement, at all times are material because they fail to adhere to the principles of good faith and fair dealing; and, instead such conduct causes unnecessary substantial harm by use of

abusive tactics and unconscionable means.

29. This Defendants use or attempt to use any rigged or deceptive means to collect any debt without authority, proper notice, or opportunity for this consumer to be heard in any meaningful way, violates numerous provisions of the FDCPA and fails to comply with Constitutional protections of due process and equal protection. It is in the interest of substantial justice this Defendants case filed in the State of Illinois Circuit Court of Cook County, and any related action be dismissed with prejudice as there is no remedy at law.

**Therefore**, this Plaintiff "consumer" moves this Court and respectfully demands immediate dismissal of any complaint filed or legal action taken by or in behalf of this Defendant using unfair, abusive, or misleading conduct noted in this claim, and which is prohibited or insufficient to state a claim, and therefore, cannot be legally enforced by this Defendant; and, this Plaintiff consumer also respectfully demands compensation in the amount of $16,000.00 for his costs and time spent protecting against this Defendants abusive debt collection acts and practices.

Dated: JUL 21 2016

Submitted by: Derrick Hawthorne
Derrick Hawthorne
Plaintiff/Consumer Enforcement Director

### VERIFICATION

The foregoing statements have been personally researched or obtained by the Plaintiff consumer and are believed to be true under penalty of perjury.

Dated: JUL 21 2016

By: Derrick Hawthorne
Derrick Hawthorne Plaintiff/Consumer
Enforcement Director

Ramessu-Ali:Bey®2015, a man
C/o Derrick Hawthorne, Consumer C/o 4136
W. Jackson Blvd.
at Chicago, Illinois republic [60624]
derrickhawthorne53@yahoo.com

# EXHIBIT A

1. Previous Order of Dismissal
2. 16 M1710912
3. 16 M!710913
4. 16 M1710914

Order (Rev. 9/13/04) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

8010
4215

Inverse Asset Fund

v.

Derrick Hawthorne

No. 16 M1 704374

### ORDER

IT IS HEREBY ORDERED THAT;

This cause is hereby dismissed because __lack of notice__.

The fee for filing is waived if the plaintiff re-files an action against the defendant herein within 60 days.

Judge Orville E. Hambright, Jr.

MAY 26 2016

Circuit Court - 1897

Atty. No.: 29143
Name: B. Sansone / Taft
Atty. for: PLTF
Address: 111 E Wacker Dr #2800
City/State/Zip: Chicago IL 60601
Telephone: 312/527-4000

ENTERED: _[signature]_

Judge          Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Appearance and Jury Demand*     (This form replaces CCM 0009)     (Rev. 11/06/13) CCG N009

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
County    DEPARTMENT/ First DISTRICT

Silverleaf Funding, LLC, as assignee of Woodbridge Mortgage Investment Fund
**Plaintiff**

v.

Derrick Hawthorne, et al.
**Defendant**

No. 2014 CH 03063
Claimed $: _____
Return Date: _____
Court Date: _____
Room No.: _____

Address of Court District for Filing

### APPEARANCE AND JURY DEMAND*

☒ General Appearance    ☐ 0900 - Fee Paid    ☒ 0909 - No Fee
                        ☐ 0904 - Fee Waived    ☐ 0908 - Trial Lawyers Appearance - No Fee

☐ Jury Demand*    ☐ 1900 - Appearance and Jury Demand/Fee Paid    ☐ Twelve-person Jury
                 ☐ 1909 - Appearance and Jury Demand/No Fee Paid    ☐ Six-person Jury

The undersigned enters the appearance of: ☒ Plaintiff    ☐ Defendant

Silverleaf Funding, LLC
*(Insert Litigant's Name)*

_____
Signature

☐ Initial Counsel of Record    ☐ Pro Se (Self-represented)    2810 ☐ Rule 707 Out-of-State Counsel (pro hac vice)
☐ Additional Appearance    ☒ Substitute Appearance
☒ Atty. No.: 29143      ☐ Pro se 99500

Name: Taft Stettinius & Hollister, LLP / Brianna Sansone
Atty. for: Plaintiff
Address: 111 E. Wacker Drive, Suite 2800
City/State/Zip Code: Chicago, IL 60601-3713
Telephone: 312-572-4000
Service via email from the opposing party/Counsel will be accepted at:
bsansone@taftlaw.com
by consent pursuant to Ill. Sup. Court Rules 11 and 131.

*Important*
Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attorneys) using either regular mail, facsimile tranmission (fax) or personal delivery. (See Illinois Supreme court Rules 11 and 13 for more information.)

<u>Pro Se Only:</u> ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice from the Clerk's office for this case at this email address: _____

*Strike demand for trial by jury if not applicable.

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____
Attorney for

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution-White: 1. ORIGINAL-COURT FILE   Canary: 2. COPY   Pink: 3. COPY

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT/ FIRST DISTRICT

Inverse Asset Fund, LLC

Plaintiff

v.

No. 16 M1 710912
Forcible Detainer

Derrick Hawthorne and Unknown Occupants

Defendant

## NOTICE REQUIRING APPEARANCE IN PENDING ACTION

To the Defendant Derrick Hawthorne and Unknown Occupants

The requisite affidavit for Notice by Posting having been filed, you are notified that at the instance of Plaintiff Inverse Asset Fund, LLC the above entitled action against you for the recovery of the possession of real estate is now pending in the Circuit Court of Cook County, Illinois; that the premises, the possession of which is sought to be recovered by the Plaintiff from you, are located in CHICAGO Illinois, and are described as follows:

4136 W. Jackson Blvd, First Floor, Chicago, IL 60624

Summons was issued in said suit and was returned without service stating that service could not be obtained.

You are hereby required to appear in person on*
July 26 , 2016 , at 9:30 a.m. m., in Courtroom 1406
at 50 W. Washington, Chicago, IL 60602 for the TRIAL of this case.

You are further required to file your written appearance by yourself or your attorney at the same time and place.

If you fail to appear for trial, judgment by default will be entered against you for the possession of the aforesaid premises. After the judgment is entered, the Sheriff may evict you.

Witness: **DOROTHY BROWN** JUL 0 7 2016

Clerk of Court

*The day set for appearance must be at least 10 days after the copies of this notice are posted.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

1. ORIGINAL COURT FILE

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT/ __FIRST__ DISTRICT

Inverse Asset Fund, LLC

Plaintiff

v.

Derrick Hawthorne and Unknown Occupants

Defendant

No. 16 M1 710913
Forcible Detainer

## NOTICE REQUIRING APPEARANCE IN PENDING ACTION

To the Defendant Derrick Hawthorne _and Unknown Occupants_

The requisite affidavit for Notice by Posting having been filed, you are notified that at the instance of Plaintiff Inverse Asset Fund, LLC the above entitled action against you for the recovery of the possession of real estate is now pending in the Circuit Court of Cook County, Illinois; that the premises, the possession of which is sought to be recovered by the Plaintiff from you, are located in CHICAGO Illinois, and are described as follows:

4136 W. Jackson Blvd, Basement, Chicago, IL 60624

Summons was issued in said suit and was returned without service stating that service could not be obtained.

You are hereby required to appear in person on* July 26, 2016, at 9:30 a.m. m., in Courtroom 1406 at 50 W. Washington, Chicago, IL 60602 for the TRIAL of this case.

You are further required to file your written appearance by yourself or your attorney at the same time and place.

If you fail to appear for trial, judgment by default will be entered against you for the possession of the aforesaid premises. After the judgment is entered, the Sheriff may evict you.

Witness: **DOROTHY BROWN** JUL 0 7 2016

Clerk of Court

*The day set for appearance must be at least 10 days after the copies of this notice are posted.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

1. ORIGINAL COURT FILE

2420 - Served by Pub
Forcible Detainer - Notice by Posting

CCM N086-15M-4/03/06

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### MUNICIPAL DEPARTMENT/ FIRST DISTRICT

Inverse Asset Fund, LLC

Plaintiff

v.

Derrick Hawthorne and Unknown Occupants

Defendant

No. 16 M1 710914
Forcible Detainer

### NOTICE REQUIRING APPEARANCE IN PENDING ACTION

To the Defendant Derrick Hawthorne *and Unknown Occupants*

The requisite affidavit for Notice by Posting having been filed, you are notified that at the instance of Plaintiff Inverse Asset Fund, LLC the above entitled action against you for the recovery of the possession of real estate is now pending in the Circuit Court of Cook County, Illinois; that the premises, the possession of which is sought to be recovered by the Plaintiff from you, are located in CHICAGO Illinois, and are described as follows:

4136 W. Jackson Blvd, Second Floor, Chicago, IL 60624

Summons was issued in said suit and was returned without service stating that service could not be obtained.

You are hereby required to appear in person on* July 26, 2016, at 9:30 a.m. m., in Courtroom 1406 at 50 W. Washington, Chicago, IL 60602 for the TRIAL of this case.

You are further required to file your written appearance by yourself or your attorney at the same time and place.

If you fail to appear for trial, judgment by default will be entered against you for the possession of the aforesaid premises. After the judgment is entered, the Sheriff may evict you.

Witness: **DOROTHY BROWN** JUL 07 2016

Clerk of Court

*The day set for appearance must be at least 10 days after the copies of this notice are posted.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

1. ORIGINAL COURT FILE